IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| DALE MICHAEL HANSON, | ) | Cause No. CV 05-27-H-CSO |
| | ) | |
| Plaintiffs, | ) | |
| | ) | ORDER and |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| EDMUND SHEEHY, | ) | |
| | ) | |
| Defendant. | ) | |

On May 26, 2005, this action under 42 U.S.C. § 1983 was filed in the Helena Division.  Hanson moved to proceed in forma pauperis.  He is a state prisoner proceed pro se.

**I. Motion to Proceed In Forma Pauperis**

On November 15, 2005, Hanson was ordered to supply an account statement covering a six-month period of time.  The Order was returned as undeliverable.  When court staff noticed that Hanson's address of record in the case was probably not correct, the Order was re-sent to Hanson at the Powell County Detention Center.  Hanson received the Order on December 17, 2005.

Hanson responded on December 20, 2005, asserting that he did not timely receive the Court's Order, that he is not permitted access to his property and so cannot obtain a statement of his inmate trust account from the Montana State Prison, and that he

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

has not received any funds since his arrest on July 12, 2005.

Under the circumstances, and because there is no reason to further delay resolution of this case, the Court will accept Hanson's averments without requiring a statement of his inmate trust account. Hanson must make monthly payments toward the $250.00 filing fee in the amount of 20% of the income credited to his account each month. The percentage is set by statute and cannot be altered. See 28 U.S.C. § 1915(b)(2). By separate Order, the Court will direct the custodial agency to forward payments to the Clerk of Court each time the amount in Hanson's account exceeds $10.00, until the filing fee is paid in full. See id.

**II. Background and Hanson's Allegations**

Hanson submitted several documents to the Court in the Billings Division in January and February 2005. Because he did not submit a proposed complaint, and because it was clear that Hanson's claims were tort claims under state law and federal jurisdiction did not lie, three cases that had been opened in Hanson's name – Hanson v. Donohoe, No. CV 05-03-BLG-RWA, Hanson v. Harball, No. CV 05-04-BLG-RWA, and Hanson v. Holton, No. CV 05-24-BLG-RWA – were recommended for dismissal. All three actions were dismissed by United States District Judge Richard F. Cebull on May 10, 2005.

In February 2005, after United States Magistrate Judge

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

Richard W. Anderson had recommended dismissal of all three actions, Hanson submitted two complaints, one against Edmund F. Sheehy and one against Valerie Wilson.  Court staff asked Hanson whether he intended to proceed with his two complaints despite the dismissal of the cases against Donohoe, Harball, and Holton.  When Hanson responded that he did intend to proceed, the Court opened files for Hanson's claims against Sheehy and against Wilson, the former here in the Helena Division and the latter in the Missoula Division.  The date on which the Complaint against Sheehy was received by the Court has been noted in the docket.  See Remark (June 24, 2005) (showing receipt date of February 18, 2005).

In the instant Complaint, Hanson essentially repeats the allegations that were previously dismissed when made against Donohoe, Harball, and Holton.  He contends that Sheehy should have raised certain arguments or advised Hanson to attach supporting materials to his state petition for postconviction relief.

**III. Analysis**

Federal courts are courts of limited jurisdiction.  See, e.g., Breed v. Hughes Aircraft Co., 253 F.3d 1173, 1179 (9th Cir. 2001) (quoting Sheldon v. Sill, 49 U.S. (8 How.) 441, 449 (1850)).  The Court may sua sponte examine its own jurisdiction.  See, e.g., WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1135 (9th

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

Cir. 1997); MacKay v. Pfeil, 827 F.2d 540, 542-43 (9th Cir. 1987).

In this case, there is no basis for federal jurisdiction. A defense attorney who is sued for acts taken (or not taken) when he is acting in the "traditional lawyer role" is not a "state actor" and so is not subject to suit under 42 U.S.C. § 1983. See, e.g., Georgia v. McCollum, 505 U.S. 42, 53 (1992); Polk County v. Dodson, 454 U.S. 312, 320-25 (1981); Miranda v. Clark County, 319 F.3d 465, 468 (9th Cir. 2003) (en banc); Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir. 1982). The alleged quality of the representation is not the point; the point is that a lawyer acting in his or her capacity as the client's legal representative is not subject to the standards of 42 U.S.C. § 1983. Nothing in Hanson's Complaint indicates that Sheehy is being sued as an administrator whose conduct was governed in some respect by a public authority, and the Court does not believe that such an allegation could be sustained. Hanson simply complains that Sheehy did not assert a particular claim in the right way to obtain a hearing on the merits.

Nor is there any reason to believe that some other source of federal jurisdiction would apply in this case. There is no reason to believe that there is a diversity of citizenship between the parties. Because there is no federal jurisdiction, Hanson must file his lawsuit in state court.

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

Based on the foregoing, the Court enters the following:

**ORDER**

Hanson's motion to proceed in forma pauperis (Court's doc. 4) is GRANTED.  The Clerk of Court shall waive prepayment of the full filing fee.

The Court also enters the following:

**RECOMMENDATION**

The case should be DISMISSED WITHOUT PREJUDICE for lack of federal subject-matter jurisdiction.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff.  Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court within ten (10) days after receipt hereof, or objection is waived.

DATED this 19th day of January, 2006.

                                           **/S/ Carolyn S. Ostby**
                                           Carolyn S. Ostby
                                           United States Magistrate Judge