FILED
MISSOULA, MT

2006 MAY 12  AM 8 05

PATRICK E. DUFFY
BY _____
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| DALE MICHAEL HANSON, | ) | CV 05-27-H-DWM |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| EDMUND SHEEHY, | ) | |
| Defendant. | ) | |

United States Magistrate Judge Carolyn S. Ostby entered Findings and Recommendation in this matter on January 19, 2006. Plaintiff did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1) (2000). This Court will review the Findings and Recommendation for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427

(9th Cir. 2000).

Hanson is a state prisoner proceeding *pro se*. He filed this action pursuant to 42 U.S.C. § 1983, but the case is dismissed because there is no basis for federal jurisdiction.

On May 10, 2005, Judge Richard F. Cebull dismissed three of Hanson's cases because the claims were tort claims and Hanson needed to proceed in state court. The same reasoning applies here. After the resolution of the first three cases, court staff advised Hanson of the error of his filings, but he proceeded anyway.

In this case, Hanson asserts his defense counsel, Edmund Sheehy, failed to raise arguments and improperly handled a state petition for post-conviction relief. The claims do not lie within federal jurisdiction.

Federal courts are courts of limited jurisdiction. *Breed v. Hughes Aircraft Co.*, 253 F.3d 1173, 1179 (9th Cir. 2001). Courts may *sua sponte* examine their own jurisdiction. *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1135 (9th Cir. 1997).

Here, Sheehy's actions as Hanson's attorney are not subject to federal jurisdiction. He cannot be sued under 42 U.S.C. § 1983. *See Georgia V. McCollum*, 505 U.S. 42, 53 (1992). As Judge Ostby stated, nothing in the Complaint indicates a source for federal subject-matter jurisdiction in this action.

Based on the foregoing, IT IS HEREBY ORDERED that Judge Ostby's Findings and Recommendation (dkt #8) are adopted in full.

Plaintiff's case is DISMISSED.

DATED this 11th day of May, 2006.

_____
Donald W. Molloy, Chief Judge
United States District Court